Campbell, J.:
Moore sued plaintiffs in error for an alleged failure to deliver certain notes, which, as he claimed, they were bound to deliver as part payment for logs furnished them, and he recovered judgment for twelve hundred and sixty-two dollars and sixty-eight cents.
The contract between the parties was made on the 16th day of October, 1874, and was in substance as follows: Moore agreed to sell and deliver to Boyden and Akeley afloat in Flat river in time for the main drive in the spring of 1875, all- the-merchantable pine logs that can be cut from the timber then standing on two hundred acres of land described, at the price of seven dollars per thousand for all logs cut on a specified lot, and six dollars per thousand for the rest. Payments in cash •were to be made, of five hundred dollars on the 1st of December, 1874, five hundred dollars on the 15th of January, 1875, and two thousand dollars on the 1st of May, 1875. The balance was to be paid in three equal payments in two, four and and six months from and after May 1, 1875. The purchasers-were to give their bank notes for these payments at any time when requested. The logs were to be scaled by a scaler named.
The cash payments were duly made, and the purchasers had paid to Moore thirteen thousand five hundred and ninety-four-dollars and eighty-seven cents before suit brought. This suit was commenced on the 18th of May, 1875.
The logs for which payment was demanded had not all been put afloat before suit brought, but the court below held this to be unnecessary, and ruled that the plaintiff below was entitled to demand pay by notes for all logs cut upon the land as soon as the amounts were ascertained.
We think this was erroneous. The price to be paid' for *the logs in question was a certain sum per thousand for logs delivered afloat in season for the spring: *391 run of 1875. The purchasers were not to be at any risk in the matter, and were not obliged to receive any other logs. They were not called upon to give notes until a balance could be found beyond the three thousand dollars, of cash advances, and this balance could not be calculated on any logs not set afloat. Whether sealed in one place or another, the logs scaled could not entitle Moore to payment until he had delivered them.
The plaintiffs in error were not in default when the suit was brought, and there was no ground for recovery against them. The judgment must be reversed, with costs, and a new trial granted.
The other justices concurred.